UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN FONDREN ET AL                    CIVIL ACTION NO. 23-cv-1618

VERSUS                                JUDGE EDWARDS

I GOT MY CHANCE L L C ET AL           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

The Fondren family ("Plaintiffs") filed this civil action in state court against six defendants in connection with an auto accident. Defendant LoHi Logistics, LLC removed the case based on an assertion of federal question jurisdiction. Plaintiffs filed a motion to remand that challenged the existence of federal question jurisdiction. One of the other defendants, Canal Insurance Company, filed a motion for leave to amend the notice of removal to invoke diversity jurisdiction. The court denied the request because defendants are ordinarily not allowed to add completely new grounds for removal outside the 30-day removal period. Doc. 49.

Before the court ruled on Plaintiffs' motion to remand, Plaintiffs settled with LoHi and voluntarily dismissed with prejudice the claims against LoHi. Doc. 51. The undersigned then issued a Report and Recommendation that recommended the court decline to exercise supplemental jurisdiction over the remaining state law claims and remand the case to state court. Canal and fellow defendant Halliburton objected, and Canal filed two more requests to amend the notice of removal in an effort to establish diversity

jurisdiction.  Judge Edwards remanded the matter to the undersigned for consideration of those new developments.  The earlier Report and Recommendation (Doc. 52) is withdrawn and, for the reasons that follow, it is recommended that Canal be allowed to amend the notice of removal to assert diversity jurisdiction and that Plaintiffs' motion to remand be denied.

**Relevant Facts**

Plaintiffs alleged that Elizabeth Fondren was driving a Buick Enclave, with her three children as passengers, when she stopped at a stop sign.  John Fondren, her husband, was stopped behind the Enclave in his own vehicle.  An 18-wheeler driven by defendant Troy Collins allegedly missed a curve, left the roadway, and struck the Buick.  Elizabeth and the children were injured in the accident.  John got out of this vehicle after the accident, slipped in debris, and injured his leg, ankle, and hip.

Plaintiffs alleged that the truck driven by Troy Collins was owned by I Got My Chance, LLC and insured by Canal Insurance Company.  The truck was allegedly hauling frac sand for Halliburton Energy Services, Inc., which had hired LoHi Logistics, LLC to coordinate the deliveries.  Plaintiffs named Mr. Collins and all of the mentioned companies as defendants, along with Sierra Frac Sand, LLC.

Defense counsel apparently discussed the potential for removing the case based on diversity jurisdiction.  A pre-removal email from one of the attorneys involved noted that the citizenship of an LLC such as LoHi is based on that of its members and "LoHi has informed us that they are not able to provide the information for diversity jurisdiction."  Counsel explained that there was "private equity up the ownership chain and regrettably

they do not keep that information." He added that LoHi would like to try to remove the case based on federal question jurisdiction. Doc. 58-1.

LoHi later filed a notice of removal based solely on an assertion of federal question jurisdiction. LoHi alleged that it was operating as a freight broker and that the state law claims against it were preempted by provisions of the Interstate Commerce Commission Termination Act. The other defendants consented to the notice of removal, but they did not assert any other grounds for removal. Soon after removal, Plaintiffs voluntarily stipulated to dismissal without prejudice of all claims against Sierra Frac Sand, LLC. Doc. 10.

LoHi filed a motion to dismiss on the grounds that the state law claims against it were preempted. Plaintiffs opposed that motion and filed a motion to remand that challenged the assertion of federal question jurisdiction. With those motions pending, Canal Insurance Company filed a motion to amend the notice of removal and assert diversity jurisdiction as an alternative ground for jurisdiction. Canal's proposed amended notice of removal attempted to set forth the citizenship of the parties, but information was lacking with regard to LoHi. Canal set forth the information that it had and asked that the court require LoHi to file a Fed. R. Civ. Pro 7.1 Diversity Jurisdiction Disclosure Statement so that the court could determine whether there was complete diversity of citizenship.

The undersigned denied the proposed amendment. The denial was based on jurisprudence interpreting 28 U.S.C. § 1653, which provides, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Courts often rely on the statute to allow amendments that merely perfect a technically defective

jurisdictional allegation in a timely filed notice of removal, but defendants are ordinarily not allowed to add completely new grounds for removal outside the 30-day removal period. Wood v. Crane Co., 764 F.3d 316, 322-23 (4th Cir. 2014); Pomier v. Brandsafway, LLC, 2024 WL 2275256 (S.D. Tex. 2024); Loyd D. Johnson Fam. Ltd. P'ship No. 1 v. N. Texas Mun. Water Dist., 2020 WL 820141, *3 (E.D. Tex. 2020). Canal's proposed amendment was presented outside the 30-day removal period and would have asserted a new and substantively different basis for subject matter jurisdiction. The proposed amendment was, therefore, denied. Doc. 49.

Before the court ruled on LoHi's motion to dismiss or Plaintiffs' motion to remand, those parties resolved their differences. Plaintiffs and LoHi filed a joint motion to dismiss with prejudice all claims against LoHi and deny as moot LoHi's motion to dismiss. The motion was granted. Docs. 50 & 51.

After LoHi was dismissed, the undersigned issued a Report and Recommendation (Doc. 52) that recommended remand. It was noted that, assuming the court had a basis to exercise federal question jurisdiction over the claims against LoHi, it would have only supplemental jurisdiction over the state law claims against the several other defendants. Because the purported basis for federal question jurisdiction—the claim against LoHi— has been dismissed, 28 U.S.C. § 1367(c)(3) provided that the court may decline to exercise supplemental jurisdiction over any remaining state law claims. Remand (or dismissal without prejudice) of the state law claims is the general approach when all federal claims have been dismissed early in the proceedings, and it was recommended that this general approach be followed.

The undersigned also addressed Canal's earlier request to apply what it called the mandatory retention doctrine.  Some courts say that this doctrine provides that once a case has been properly removed the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the notice of removal.  The undersigned noted that the pleadings to that point had not set forth with specificity the citizenship of all parties present in the case at the time the state court petition was filed and at the time of removal, which are the relevant times for assessing diversity of citizenship.  Notably, there were three LLCs named as defendants at the time of removal.  Their membership was unknown, and the presence of one member in any properly joined LLC defendant that shared Louisiana citizenship with Plaintiffs could destroy the possibility of diversity jurisdiction.  Given the lack of clarity that there was a basis for diversity jurisdiction, the undersigned rejected Canal's argument to apply the mandatory retention doctrine.

Canal later filed two more motions for leave to file an amended notice of removal (Docs. 56 & 63).  The proposed amendments, together with other filings from the defendants, indicate that Plaintiffs are citizens of Louisiana; Canal is a South Carolina corporation with its principal place of business in South Carolina; and Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Texas.   I Got My Chance, LLC is said to have one member, defendant Troy Davis Collins, who is alleged to be a citizen of Florida.  (Plaintiffs have stated that they challenge this assertion and believe Collins may be a citizen of Louisiana.)  The proposed amendments do not allege the citizenship of LoHi but do note that Plaintiffs voluntarily dismissed LoHi.  No

reference is made to Sierra Frac Sand, LLC, another defendant that was voluntarily dismissed after removal, and whose citizenship is unknown.

**Plaintiffs' Motion to Remand**

Before the claims against LoHi were resolved, Plaintiffs filed a Motion to Remand (Doc. 22) that attacked the federal question grounds asserted by LoHi in its notice of removal. Plaintiffs argued that the federal statutes invoked by LoHi did not completely preempt their state law claims so as to allow removal. Plaintiffs later resolved their claims against LoHi and dismissed all claims against LoHi. There is, therefore, no need to address the motion to remand, and it should be denied as moot.

**Mandatory Retention Doctrine**

The question now is what to do with the state-law claims against the remaining defendants. Canal argues that the "mandatory retention doctrine" requires the court to consider, after dismissing the only federal claim, whether the remaining claims support an uninvoked jurisdictional ground (diversity) and keep the case in federal court. The undersigned does not find this argument persuasive.

The Fifth Circuit has never mentioned the mandatory retention doctrine by name. Canal's best authority is Buchner v. FDIC, 981 F.2d 816 (5th Cir. 1993), where the claims on which the case was removed were dismissed. The district court remanded the case over the FDIC's objection that the court had no choice but to retain jurisdiction over the case because it involved federal claims and the FDIC was a party. The Fifth Circuit agreed that, as with diversity jurisdiction, federal question jurisdiction was not discretionary for the district court. The district court's order to remand was reversed.

Buchner is not directly applicable in this case because, unlike the readily apparent presence of the federal defendant in Buchner, the existence of diversity jurisdiction was less than certain and not determinable from the record at the time LoHi was dismissed.  In another case cited by Canal, Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006), remand after dismissal of federal question claims was said to be erroneous because "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds *apparent from the complaint*, not just those cited in the removal notice." (Emphasis added).

There was speculation early in the case that there might be a basis for diversity jurisdiction, but the facts needed to assess that suggestion were not present on the face of Plaintiffs' state court petition or LoHi's notice of removal.  There were three LLCs named as defendants at the time of removal, and their members were not all known.  Given the lack of clarity that there was a basis for diversity jurisdiction when LoHi and the federal claim against it were dismissed, Buchner and similar decisions do not appear to compel the court to exercise or explore diversity jurisdiction when no defendant has timely invoked it.

**Halliburton's Argument that Diversity was Timely Invoked**

The most coherent and persuasive argument in favor of allowing an amendment to the notice of removal and exercising diversity jurisdiction is found in a memorandum filed by Halliburton.  Doc. 79.  At the base of the argument is the voluntary-involuntary rule, which provides that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff."  Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir. 1967).  This case was not removable based on diversity jurisdiction

when it was filed because LoHi was likely not diverse and, in any event, refused to or was unable to provide its citizenship information to allow that determination. When Plaintiffs voluntarily dismissed all claims against Sierra Frac Sand, LLC and later LoHi, defendants such as Canal and Halliburton could for the first time remove the case based on diversity jurisdiction with a solid foundation. The dismissal of LoHi was on May 6, 2024. Canal filed on May 19, 2024, within 30 days of that dismissal, a motion for leave to amend the notice of removal and assert diversity jurisdiction. Doc. 56. Slightly outside the 30-day window, it filed another proposed amendment (Doc. 63) to clarify in ¶ 10(a) Halliburton's citizenship. Doc. 63. If the first of those amendments that invoked diversity jurisdiction is allowed, then the second amendment is permissible under Section 1653 because it merely corrected an allegation about a party's citizenship and did not invoke a new jurisdictional ground.

Halliburton notes that 28 U.S.C. § 1446(b)(1) requires that a notice of removal be filed within 30 days after service of the initial petition only when the basis for removal is affirmatively revealed in the petition. Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992) (for removal under diversity jurisdiction to be triggered, the minimum amount in controversy must be affirmatively revealed in the petition). But the second paragraph of Section 1446(b) provides that if the case stated by the initial petition is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case has become removable. This order or other paper must make it

"unequivocally clear and certain" that the case is removable to trigger the 30-day time limit.  Bosky v. Kroger Tex., L.P., 288 F.3d 208 (5th Cir. 2002).

Of course, a case usually remains in state court until such time as an order or other paper triggers the removal period under the second paragraph.  Halliburton persuasively argues that the same principles should apply here, even though this case was already removed, because the petition did not reveal on its face the citizenship of each defendant, and LoHi refused to provide its citizenship information to the other defendants.  Thus, neither Canal nor Halliburton had a basis to assert diversity jurisdiction within 30 days after the petition was served on them.  The basis for diversity jurisdiction did not become available, and it was certainly not unequivocally clear and certain, until Plaintiffs voluntarily dismissed Sierra Frac Sand and then LoHi.  Before LoHi was dismissed on May 6, 2024, the record was, at best, equivocal as to whether diversity jurisdiction was possible.

Halliburton argues that the remaining defendants should not be deprived of their statutory right of removal within 30 days of service and a triggering order or "other paper" merely because that basis for removal arose while the case was already in federal court on another basis for removal.  It is an unusual situation, but Halliburton notes that a similar one was presented in Davis v. Life Investors Ins. Co. of Am., Inc., 214 F. Supp. 2d 691 (S.D. Miss. 2002).  The defendants in that case originally removed the case based on diversity jurisdiction.  The plaintiff filed a motion to remand and, while it was pending, one defendant filed bankruptcy.  More than 30 days after the case was removed, a different defendant filed a motion for leave to amend the notice of removal to add as a basis for removal that the case was related to a bankruptcy case.

The court acknowledged the well-recognized rule that a party may not amend its notice more than 30 days after removal to assert a new ground for removal. But it noted that when courts have refused to allow such amendments it was where the ground for removal "existed but was not asserted" within the original removal period. In <u>Davis</u>, unlike most cases that enforce the rule, the defendant could not have asserted the new grounds for removal because it did not yet exist. The court found that, under those unusual circumstances, the motion to amend the notice of removal should be granted.

A similar situation is present in this case. LoHi stated pre-removal that it did not maintain the necessary information to determine its citizenship, so no effort to remove based on diversity jurisdiction when LoHi was present in the case could have succeeded. It was not until LoHi (and Sierra Frac Sand) were voluntarily dismissed that diversity jurisdiction became available to the remaining defendants. Had the case stayed in state court during those proceedings, Canal and Halliburton could have then filed a notice of removal based on the voluntary-involuntary doctrine. They should not be barred from asserting diversity jurisdiction, which they did so in a timely fashion, merely because the case was already in federal court on a wholly different grounds for jurisdiction at the time their diversity-based rights arose.

The undersigned is ordinarily a strict enforcer of the statutory provisions and time limits that govern removals. Allowing the proposed amendment to the notice of removal might seem at first glance to run afoul of those provisions but, on closer examination, it is consistent with them and an equitable and reasonable application of the principles behind them. The Fifth Circuit has recognized that exceptional circumstances can justify equitable

exceptions to the procedural requirements of the removal statutes.  Dupree v. Torin Jacks, Inc., 2009 WL 366332, *3 (W.D. La. 2009), citing, Tedford v. Warner–Lambert Co., 327 F.3d 423, 427 (5th Cir. 2003); Doe v. Kerwood, 969 F.2d 165, 169 (5th Cir. 1992); and Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986).

There was no forum manipulation or bad faith by the plaintiffs in this case, as if often the case when exceptional circumstances are invoked, but these decisions show that there is room for an equitable exception when the facts warrant it to prevent an injustice. Such facts are present in this case.  The court should allow Canal's timely proposed amendment, together with the follow-up amendment filed to clarify the citizenship of Halliburton.  The amendments establish that there is a complete diversity of citizenship between Plaintiffs and the current defendants.

Plaintiffs object that it is improper for Canal or Halliburton to file an amendment to a notice of removal filed by LoHi, but the court has discretion to allow the proposed amendment or treat it as a separate and new notice of removal to the extent that it is necessary to overcome any procedural imperfection.

Plaintiffs state that they may argue that Troy Davis Collins is, like Plaintiffs, a citizen of Louisiana.  It would destroy diversity and require remand if Collins was a citizen of Louisiana at the relevant time.   The parties should explore that issue by discovery and motion practice early in the case.

Accordingly,

It is recommended that Canal's Motions for Leave to File Amended Notice of Removal (Docs. 56 & 63) be granted and that Plaintiffs' Motion to Remand (Doc. 22) be denied as moot.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of March, 2025.



Mark L. Hornsby
U.S. Magistrate Judge